Matthews, J.
delivered the opinion of the court.* This is a redhibitory action brought to rescind a contract of sale of certain slaves described in the plaintiff’s petition. Fraud is also alleged against the seller. The defendant pleaded prescription to the suit and the general issue. Judgment was given for him in the court below, on his first plea and the plaintiff appealed.
In support of this judgment the appellee relies on the limitation provided against this species of action by the Civil Code, 358, art. 75, wherein it is declared in positive terms, that whether the object of the suit be to cancel the contract, or to have the price reduced, it ought to be instituted within six months from the date of the sale at the farthest, or from the time that the defects or vices have been discovered; provided, that in this latter case not more than one year has elapsed from the time of sale, and after that term the buyer shall not be admitted to said action.
It is shewn by the evidence in the cause *77 that this suit was not commenced within the year from the date of the sale: but to obviate the bar to his action, as established by law, the plaintiff proves the absence of the defendant from the jurisdictional limits of the state for about eight months of the full year, which commenced with the sale, and expend a little more than one month previous to the institution of this suit.
He relies principally on the maxim, "contra non valentem agere, non currit prescriptio:" as adopted and recognized by the Spanish law, and being an axiom or first principle of natural law and justice, and therefore applicable to every system of jurisprudence, wherein the contrary is not expressly established by legislative power. In this view of the subject we agree with the counsel of the plaintiff, and, notwithstanding the express terms of limitation in our code, it is thought, that they ought not to be interpreted as to conflict with this universal maxim of justice. The time prescribed by law for commencing a redhibitory action, is six months from the date of the sale, or six months from the discovery of the defects and recovery of the things sold. In the present case, it is shewn that the defendant *78 was within the jurisdiction of the state only four months, during the whole year of limitation, and consequently that two months remained for the plaintiff to bring himself within either hypothesis of the law. We are therefore of opinion that the district court erred in sustaining the plea of prescription. The defendant was held to bail on an affidavit made in pursuance of the act of the legislative council, in 1805. An express amount of damages is sworn to, and the affidavit appears to us to be in conformity with the law above cited; and consequently we are of opinion that the judge a quo erred also in discharging the bail.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled, and that the bail bond be restored to its full force, &c. And it is further ordered, adjudged and decreed, that this cause be remanded to said district court to be there tried on its merits; as in the opinion of this court, sufficient matter does not appear on the record on which to decide the cause finally, among other deficiencies, there is no evidence to shew the comparative value of the slaves complained of in *79 this suit, with many others bought at the same time and in the same lot.
Hennen, for the plaintiff, and Grymes, for the defendant.

 Martin, J did not sit in this case, having considered the question arising therein, at a time when he had a deep interest in it.